UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ASHLEY HICKMAN, | |
| Plaintiff, | No. 21-cv-02407 |
| v. | Judge Thomas M. Durkin |
| DOUG MCMILLON and WALMART, INC., | |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

Ashley Hickman filed this *pro se* employment discrimination case against her former employer, Walmart, Inc., and Doug McMillon. She alleges Walmart discriminated against her on the basis of color, race, and sex when it terminated her employment, failed to promote her, failed to stop harassment, and retaliated against her for asserting her rights. Defendants moved to dismiss Hickman's complaint in part for failure to state a claim. For the following reasons, the motion is granted.

**Background**

Hickman is a resident of Cook County and former employee of Walmart at its Olympia Fields location. She worked for Walmart from August 1, 2020 until December of 2020 as a Temporary Hardware Sales Associate.

According to the charge Hickman filed with the Equal Employment Opportunity Commission and Illinois Department of Human Rights, a few months after she started with Walmart, her hours were "drastically cut" and she was "constructively discharged." R. 12, at 10. The EEOC charge further alleged that she

1

was "threatened" and "discriminated against because of [her] race, Black, in violation of Title VII of the Civil Rights Act of 1964, as amended." *Id.* In her charge, Hickman selected the box for "Race" as a basis for discrimination, leaving the boxes for "Sex," "Color," and "Retaliation" blank. *Id.*

Hickman timely filed her complaint in this court on May 4, 2021. In her complaint, Hickman claims Walmart discriminated against her on the basis of sex, race, and color, in violation of Title VII and 42 U.S.C. § 1981. She further alleges Walmart unlawfully terminated her employment, failed to promote her, failed to stop harassment, and retaliated against her.

**Legal Standard**

A Rule 12(b)(6) motion challenges the "sufficiency of the complaint." *Berger v. Nat. Collegiate Athletic Assoc.*, 843 F.3d 285, 289 (7th Cir. 2016). A complaint must provide "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), sufficient to provide defendant with "fair notice" of the claim and the basis for it. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While "detailed factual allegations" are not required, "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Boucher v. Fin. Sys. of Green Bay, Inc.*, 880 F.3d 362, 366 (7th Cir. 2018) (quoting *Iqbal*, 556 U.S. at 678). In applying this standard, the Court accepts all well-pleaded facts as true and draws all reasonable inferences in favor of the non-moving party. *Tobey v. Chibucos*, 890 F.3d 634, 646 (7th Cir. 2018).

## Analysis

I. **Walmart's Partial Motion to Dismiss**

In its motion, Walmart argues Hickman failed to exhaust her claims of race, sex, and color harassment and retaliation, as well as her sex and color discrimination claims, because she did not assert those claims in her EEOC charge. It therefore seeks dismissal of all of Hickman's Title VII claims except racial discrimination.

Before filing a lawsuit for discrimination under Title VII, a plaintiff must first exhaust her administrative remedies by filing a charge with the EEOC and receiving a right to sue letter from the Commission. *Rush v. McDonald's Corp.*, 966 F.2d 1104, 1110 (7th Cir. 1992). But even after a plaintiff receives a right to sue, she "may bring only those claims that were included in her EEOC charge, or that are 'like or reasonably related to the allegations of the charge and growing out of such allegations.'" *Chaidez v. Ford Motor Co.*, 937 F.3d 998, 1004 (7th Cir. 2019) (quoting *Geldon v. S. Milwaukee Sch. Dist.*, 414 F.3d 817, 819 (7th Cir. 2005)). This rule accomplishes two purposes. First, the rule affords the EEOC and employer an opportunity to settle a dispute through non-litigation channels. *See Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). Second, the rule provides some warning to the accused party of the unlawful conduct that a plaintiff alleges. *See id.*

Because most EEOC charges are completed by laypersons, a Title VII plaintiff need not allege every fact necessary to support her claim. *Id.* However, such leeway is not unlimited. Claims must be "like or reasonably related to" an EEOC charge, a standard satisfied when "(1) 'there is a reasonable relationship between the allegations in the charge and the claims in the complaint' and (2) 'the claim in the complaint can reasonably be expected to grow out of an EEOC investigation of the allegations in the charge.'" *Chaidez*, 937 F.3d at 1004 (citing *Cheek*, 31 F.3d at 500). Defendants do not dispute that Hickman's EEOC charge sufficiently alleges a Title VII claim of racial discrimination. The question here is whether, applying this standard, the other claims in Hickman's complaint are "like or reasonably related to" the racial discrimination claim. The Court finds they are not.

The Seventh Circuit has held that raising an allegation of discrimination with the EEOC does not alone implicate similar claims for retaliation or harassment. *See Swearnigen-El v. Cook Cty. Sherriff's Dep't*, 602 F.3d 852, 864-65 (finding allegation of retaliation was not properly raised in plaintiff's EEOC charge that failed to select the box for retaliation and alleged he was "discriminated against on the basis of my race, Black, and sex, male"); *Rush*, 966 F.2d at 1111-12 (finding that plaintiff's EEOC charge stating "I believe I have been discriminated against because of my race, Black" did not properly present the Commission with a claim for race-based harassment). Hickman's charge is nearly identical to the plaintiffs' statements in *Swearingen-El* and *Rush*—to the point that one could reasonably wonder whether all three copied from the same boilerplate language—and did not adequately raise a claim for

4

retaliation or harassment. Hickman did not check the box indicating "retaliation" as a basis for her claim, and her charge says nothing about retaliation or harassment. The closest analogue was the allegation that she was "threatened," but that single word was all the explanation provided. "Some detail, beyond a statement that 'I believe I have been discriminated against because of my race, Black' is necessary to allow the [EEOC] to perform its statutory duty." *Rush*, 966 F.2d at 1111. Hickman's charge gave the EEOC no notice of her purported Title VII claims of retaliation or harassment, therefore those claims have not been exhausted and must be dismissed.

Hickman likewise failed to exhaust her Title VII claims of color- and sex-based discrimination and harassment. First as to color discrimination, such claims are distinct from race discrimination because a color claim "focuses on discrimination based on the lightness or darkness of a person's skin, not simply membership in a particularly [sic] racial group." *Hickman v. Target Corp.*, 2021 WL 5712185, at *3 (N.D. Ill. Dec. 2, 2021) (citing *Williams v. Wendler*, 530 F.3d 584, 587 (7th Cir. 2008)). Courts in this District have found that claims of discrimination based on race within an EEOC charge generally do not encompass a claim of color discrimination. *See, e.g.*, *Thompson v. Fairmont Chicago Hotel*, 525 F. Supp. 2d 984, 989-90 (N.D. Ill. 2007) (holding that EEOC charge allegation race and national origin discrimination provided "no indication that evidence of [color] discrimination would have arisen from an investigation of her discrimination claims on the basis of race"); *Sullivan v. Presstronics, Inc.*, 1997 WL 327126 at *2 (N.D. Ill. June 11, 1997) ("In his EEOC complaint [plaintiff] did not indicate that he was discriminated against on the basis

5

of skin color, and even giving the most liberal construction to the complaint, there is not the slightest indication that the particular hue of his skin had anything to do with the alleged discrimination.")

Here, Hickman left blank the box for color discrimination, and the statement in her EEOC was nearly identical to the charge in *Thompson*. Furthermore, Hickman did not provide any information within her EEOC charge indicating that she was harassed or discriminated against because of her skin color. Because no facts within Hickman's charge sufficiently raised color discrimination or harassment with the EEOC, she failed to exhaust those claims and they must be dismissed.

As for sex discrimination, a plaintiff who fails to mark the box for sex-based discrimination in an EEOC charge can still raise sex-based discrimination through statements made within the charge. *See Jenkins v. Blue Cross Mut. Hosp. Ins., Inc.*, 538 F.2d 164, 169 (7th Cir. 1976) (en banc). But Hickman's charge offers no such hook. In *Jenkins*, the plaintiff alleged in her EEOC charge that her male supervisor "accused me of being the leader of the girls on the floor" and that another employee "might have been denied her promotion because of her association with me." *Id.* at 167. While Jenkins marked the boxes for race and color on her EEOC charge, she did not mark the box for sex. *Id.* Nevertheless, the Seventh Circuit held that these statements "taken in conjunction with [plaintiff's] charges of racial discrimination" sufficiently alleged sex discrimination within the EEOC charge. *Id.* at 169.

Unlike the plaintiff in *Jenkins*, Hickman not only failed to check the box indicating discrimination or harassment on the basis of sex, she also neglected to

6

write any statement in her EEOC charge that suggested she was the victim of sex discrimination or harassment in violation of Title VII. In a further departure from *Jenkins*, Hickman made no reference to her sex or the sex of those who may have engaged in unlawful conduct. In responding to Defendants' motion, Hickman says she could provide the Court with evidence of "the inappropriate comment made by Bruce that is offensive to a woman's body in the urban community." R. 22, at 4. But such evidence and allegations needed to be raised with the EEOC at the time the charge was made. Since the EEOC could not have discerned a sex-based claim from Hickman's charge, her Title VII claims for harassment and discrimination on the basis of sex have not been exhausted and must be dismissed.

      Finally, similar analysis can be applied to Hickman's failure to promote claims. To bring a judicial claim for failure to promote, a plaintiff must first expressly raise the issue with the EEOC. *See Barakat v. Taco Bell, Inc.*, 970 F. Supp. 634, 638 (N.D. Ill. 1997) ("A party must expressly mention failures to promote in the EEOC complaint to have a basis on which to infer that such claim was being advanced."). Hickman did not provide any information within her EEOC charge to adequately alert the EEOC of an alleged failure to promote, much less to apprise Defendants of the accusation. Therefore, Hickman's claims for failure to promote must also be dismissed for lack of exhaustion.

      Hickman argues in her response that the "EEOC interviewer did not want to amend her charge of discrimination papers after it had been prepared." R. 22, at 4. She further contends that "it is difficult to select the right charges with facts to have

7

the complaint investigated for discrimination." *Id*. While the Court is sympathetic to Hickman's concerns, it is imperative that any charge made to the EEOC adequately allege the conduct that an employee wants investigated. *See Rush*, 966 F.2d at 1111 ("[T]he requirement of some specificity in a charge is not a "mere technicality."). As stated before, the "alike or reasonably related to" standard is designed to provide leeway for those navigating the administrative process.[1] But such leeway cannot be extended to the point where it "would circumvent the EEOC's investigatory and conciliatory role, as well as deprive the charged party of notice of the charge, as surely as would an initial failure to file a timely EEOC charge." *Babrocky v. Jewel Food Co.*, 773 F.2d 857, 863 (7th Cir. 1985); *see also Rush*, 966 F.2d at 1110 ("We conclude that the goals behind the requirement of prior resort to administrative relief would be frustrated if the filing of a general charge with the EEOC would open up the possibility of judicial challenges to any related conduct that took place in connection with the employment relationship."). This is not a case where a plaintiff's complaint deviated from specific instances of discrimination detailed in an EEOC charge; Hickman is instead straining a "rather brief and very general" charge to support a multitude of claims.[2] *Rush*, 966 F.2d at 1110. Her explanation does not change the content of what she submitted to the EEOC. That content is the decisive factor here.

---

[1] Though Hickman is proceeding *pro se*, this is not her first experience with the process of filing an employment discrimination claim. *See Hickman*, 2021 WL 5712185; *Hickman v. Family Dollar, Inc.*, 2021 WL 4401498 (N.D. Ill. Sept. 27, 2021).

[2] The Court also notes the disconnect between Hickman's complaint, which alleges the discriminatory act occurred on or about January 5, 2021, and her EEOC charge, which alleges discrimination occurring between September and December, 2020.

8

The typical remedy for failure to exhaust is dismissal without prejudice, allowing the plaintiff to refile her claim when and if she exhausts her administrative remedies. *Hickman*, 2021 WL 5712185, at *4. Here, however, "a dismissal without prejudice would only delay the inevitable." *Id.* Complainants must file EEOC charges within 300 days of the alleged discriminatory act. *Nagle v. Vill. of Calumet Park*, 554 F.3d 1106, 1121 n.4 (7th Cir. 2009). Even crediting January 5, 2021 as the date of Hickman's "constructive discharge" from Walmart, a fresh EEOC filing would be untimely and subject to dismissal if raised in this Court. Accordingly, dismissal of the aforementioned claims is with prejudice.

## II. McMillon's Partial Motion to Dismiss.

Though Doug McMillon's precise identity and involvement in this case is not clear from Hickman's complaint, the Court suspects she is referring to Walmart's CEO, who goes by that name. Regardless of his precise identity, Title VII does not impose individual liability on employees or agents of the plaintiff's employer.[3] *See Geier v. Medtronic, Inc.*, 99 F.3d 238, 244 (7th Cir. 1996); *Williams v. Banning*, 72 F.3d 552, 5534 (7th Cir. 1995). Hickman does not make any legal argument that would support a counter position, nor does she assert that McMillon is someone other

---

[3] Hickman seems to have misunderstood Defendants' argument on this point, responding that although she is an "at will employee," she still experienced discrimination. Title VII applies to at-will employees, *Deets v. Massman Constr. Co.*, 811 F.3d 978, 983 (7th Cir. 2016), but plaintiffs cannot sue other employees or agents of their employer under that law.

than an employee of Walmart. Therefore, the Court grants Defendants' motion and dismisses all Title VII claims against McMillon with prejudice.

## Conclusion

For the foregoing reasons, the Court grants Defendants' partial motion to dismiss [R. 19]. The claims that remain following this order are (1) Hickman's race and color discrimination claims brought under 42 U.S.C. § 1981 against both Defendants, and (2) Hickman's Title VII race discrimination claim against Walmart.

ENTERED:

_Thomas M Durkin_

Honorable Thomas M. Durkin
United States District Judge

Dated: June 28, 2022